SUMMARY ORDER
Defendant-Appellant Ulises O. Mejia pled guilty on April 30, 2007, to one count of possession of a firearm during a crime of violence. This crime carries a minimum sentence of five years imprisonment, and a maximum sentence of life imprisonment plus a period of supervised release, a fine, and restitution. See 18 U.S.C. § 924(c)(1)(A)®. Pursuant to U.S. Sentencing Guidelines (“U.S.S.G.”) Manual § 2K2.4(b), Mejia’s applicable Guidelines range was the minimum term of five years, and the government agreed in the plea agreement pursuant to which Mejia entered his plea that it would not seek a higher sentence in this case. On its own initiative, the district court imposed a sentence of eighty-four months (seven years) imprisonment plus five years supervised release and a special assessment of $100. Because the sentence was above the Guidelines range, Mejia’s conditional waiver of appeal rights is not operative and he filed this appeal. Mejia raises no challenge to the plea colloquy and has not requested to vacate his plea; he seeks only a remand to a different district judge for resentencing on the grounds that his sentence was proeedurally and substantively unreasonable. We review the district court’s judgment for abuse of discretion, United States v. Cutler, 520 F.3d 136, 156-57 (2d Cir.2008); United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir.2008), and assume the parties’ familiarity with the facts and procedural posture of this matter.
The Defendant-Appellant’s principal contention in urging us to find procedural unreasonableness is that the district court “provided very little explanation for the sentence.” Appellant’s Br. at 19. He complains, in particular, that the district court failed to tie the sentence to the factors identified in 18 U.S.C. § 3553(a). However, the statement of reasons filed under seal in this matter shows that the district court identified four § 3553(a) factors as justifying a higher sentence in this case. The statement of reasons also references the record of the sentencing hearing, at which the district court stated its view that Mejia’s ci'iminal history justified a higher sentence. E.g. J.A. at 47-48. The Defendant-Appellant has not called to our attention any authority in this Circuit that requires more specific application of the § 3553(a) factors. Cf. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 595, 169 L.Ed.2d 445 (2007) (rejecting the view that “extraordinary” circumstances are needed to justify a sentence outside the Guidelines range); United States v. Carr, 557 F.3d 93, 107 (2d Cir.2009) (“In the absence of record evidence suggesting otherwise, we presume that the district court has faithfully discharged its duty to consider the § 3553(a) factors.”). Consequently, we perceive no basis for rejecting the sentence as proeedurally unreasonable.
In his challenge to the substantive reasonableness of the sentence, Mejia first contends that the existence of a statutory minimum sentence “take[s] out of any court’s hands” the question of whether the *84 defendant’s history and characteristics warrant a different sentence. Appellant’s Br. at 22. We disagree. The statute permits the district court to impose any term of imprisonment between five years and life. The mere fact that the sentence cannot be less than five years does not preclude the district court from finding aggravating factors that justify a sentence of more than five years.
Mejia also argues that neither his criminal conduct in the instant case nor his criminal record, properly understood, justifies any sentence above the minimum. We again disagree. Although Mejia pled guilty to possessing a weapon in connection with a crime of violence, he actually fired this weapon during the offense at three different people, one of whom was struck. Had he been convicted of the discharge of a firearm rather than its possession, Mejia would have faced a mandatory minimum sentence of ten years. See 18 U.S.C. § 924(c)(1)(A)(iii). At the time that he committed the pi'esent offense, moreover, Mejia was on probation in connection with his earlier conviction for attempted criminal possession of a weapon in the fourth degree. Six months after he committed the offense in this case, Mejia was arrested and charged with possession of a loaded .38 caliber Smith & Wesson revolver, resulting in a plea to criminal possession of a weapon in the third degree. While incarcerated on that charge, moreover, Mejia assaulted another inmate, requiring him to plead guilty to assault with intent to cause physical injury. The Defendant-Appellant would ordinarily have qualified for Criminal History Category IV based on this record, but pursuant to U.S.S.G. Manual § 2K2.4(b), the Guidelines provisions related to criminal history — which would have substantially increased his advisory Guidelines range from the baseline — did not apply. In light of all these facts, it was within the district court’s discretion to conclude that the Guidelines did not adequately take into consideration “the history and characteristics of the defendant” and to impose a higher sentence than the statutory minimum. See United States v. Cavern, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (“[W]e will not substitute our own judgment for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision ‘cannot be located within the range of permissible decisions.’” (citation omitted) (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir.2007))).
Mejia next argues that the judge was improperly motivated by the Defendant-Appellant’s national origin and immigration status. J.A. at 48. However, in context, the comments about which Mejia complains do not suggest that the district judge improperly relied on national origin and immigration status. The district judge acted within his discretion in noting that since Mejia entered the United States he has had numerous law enforcement contacts.
Finally, Mejia argues that the district court failed to adequately consider the fact that the Defendant-Appellant was sixteen years of age when he committed the offense and he waived his right to seek to be prosecuted under state law as a juvenile. But the court’s discussion clearly indicates that the district court was aware that the defendant was a teenager at the time of the offense. See J.A. at 47. The district court was not required to discuss this factor in any greater detail than it did.
We have considered all of Defendant-Appellant’s remaining contentions in this appeal and found them to be without mer *85 it. For these reasons, the judgment of the district court is AFFIRMED.